Holmes C. Willis v. Commissioner. Wallace F. Frederick v. Commissioner. C. V. Beadles v. Commissioner.
Willis v. Commissioner
Docket Nos. 33833, 33834, 33835.
United States Tax Court
1953 Tax Ct. Memo LEXIS 245; 12 T.C.M. (CCH) 546; T.C.M. (RIA) 53175; May 21, 1953
*245 A partnership composed of the wives of petitioners held to be a bona fide one organized for a valid business purpose. J. C. Floyd, Esq., 1401 Threefoot Building, Meridian, Miss., for the petitioners. D. Louis Bergeron, Esq., for the respondent. ARUNDELL
Memorandum Findings of Fact and Opinion Whether or not the Willis Box Company of Toomsuba, Mississippi, was a bona fide partnership composed of the respective wives of the petitioners herein is the sole question involved in these proceedings. Respondent has held that the Willis Box Company was merely a department of Beadles and Frederick, a partnership existing among the three petitioners, and that distributive income derived from the operations of Willis Box Company is taxable to petitioners rather than to their wives. On this basis respondent has determined deficiencies in individual income taxes of the petitioners for the taxable years 1944, 1945 and 1946. [1]
*246 Findings of Fact Holmes C. and Fannie Lou Willis, husband and wife, are now residents of Kingston, Oklahoma. During the period here involved they were residents of Toomsuba, Lauderdale County, within the collection district of Mississippi, except for the period December 1945 to December 1946 when they resided temporarily in Jacksonville, Florida. Wallace F., also known as W. F., and Harriet Frederick, husband and wife, are now residents of Tifton, Georgia. During the period here involved they were residents of Meridian, Lauderdale County, within the collection district of Mississippi. C. V., also known as Clarence V., and Floy W. Beadles, husband and wife, are now residents of Waycross, Georgia. Prior to August 1944, they were residents of Coffeeville, Yalobusha County, Mississippi. During all of the remainder of the period here involved they were residents of Meridian, Lauderdale County, within the collection district of Mississippi. For the period here involved, separate individual income tax returns, form 1040, were filed with the collector of internal revenue at Jackson, Mississippi, by each of the petitioners herein and each of their wives. Separate information returns, *247 form 1065, were filed by Beadles and Frederick, and by the Willis Box Company for the years involved herein. Willis, Frederick and Beadles since January 1, 1942, have been equal partners in the operation of a lumber manufacturing company known as Beadles and Frederick, with its principal office and place of business during the period here involved located in Toomsuba, Mississippi. That partnership was engaged in the business of buying rough, green lumber, stacking and airdrying such lumber, and cutting it to standard dimensions and sizes prior to sale in the trade. Holmes C. Willis and Mrs. Floy W. Beadles are brother and sister. Several months prior to February 1, 1944, Willis became interested in the manufacture of box shooks. He wanted Beadles and Frederick to engage in that business and tried to get the other partners to agree. The manufacture of box shooks is a process in which dimension lumber and boards are cut to precision sizes for use in the manufacture of boxes. A set of box shooks contains all component and integral parts of a box and requires only assembly and nailing to constitute a box. In November 1943, Willis and Frederick went together to the office of their *248 accountant to discuss with him the advisability of Beadles and Frederick's entering the box shook manufacturing business. The accountant had been employed to make periodic examinations of the books of account of Beadles and Frederick, in addition to which he prepared the income tax returns of the partners, advised them on other financial problems, and had social contacts with them. Frederick stated at that conference that he was opposed to the partnership's entering the box shook business because he was not acquainted with that kind of business; he thought it would lose money; he was afraid of O.P.A. complications; and he was apprehensive of personal injury claims and the liability insurance of Beadles and Frederick being cancelled. Beadles, while not as violently opposed to entering the shook business as was Frederick, was at most lukewarm to the proposition. The three partners of Beadles and Frederick never did agree for that company to engage in the shook business. The accountant, in the course of another discussion with Willis and Frederick about two weeks after the first meeting, suggested that if the partners of Beadles and Frederick did not want to enter the box shook manufacturing *249 business, it would be a good move for their wives to enter the business. He pointed out to Willis and Frederick that if the box shook manufacturing business was profitable, a tax saving would result from the fact that the wives were in the business rather than the husbands. Thereafter, as a result of further discussions, Floy W. Beadles, Fannie Lou Willis and Harriet Frederick agreed to form a partnership under the name of Willis Box Company and to enter the box shook manufacturing business. On or about February 11, 1944, the new company was organized and thereupon started business at Toomsuba, Mississippi. The Willis Box Company was engaged in the manufacture of box shooks from about February 11, 1944 through October 1946. The Willis Box Company hired Willis as manager, which position he retained until he left for Florida in December, 1945. He was paid a salary of $200 per month by the Willis Box Company from April 1, 1944, to November 30, 1945. His duties, which did not require all of his time, included the hiring of personnel, the negotiation of contracts for the sale of box shooks, and the transaction of business pertaining thereto. Beadles served as manager of the Willis Box *250 Company from the time of Willis' departure until its liquidation. He was paid $200 per month from January 1946 until March 1946. Both Willis and Beadles continued to perform services for Beadles and Frederick while managing the Willis Box Company. During the period here involved, the partners of Beadles and Frederick, while talking with people who did business with both partnerships, would at times inquire as to their need for box shooks. Willis, as manager of Willis Box Company, negotiated an agreement with Beadles and Frederick, acting through Frederick, that Beadles and Frederick would expend the sum of $9,304.04 for the purpose of building additional shed space and the purchase of machinery to be used in the manufacture of box shooks by the Willis Box Company. Beadles and Frederick completed the construction and installed the machinery for use by the Willis Box Company prior to February 11, 1944. It was also orally agreed that Willis Box Company would pay to Beadles and Frederick the sum of $275 per month as rental for the facilities furnished by Beadles and Frederick. The $275 monthly rental, which was a reasonable rental for the property, was paid as follows: February 1 to June 30, 1944
$1,375
Fiscal year ended June 30, 1945
3,300
Fiscal year ended June 30, 1946
3,300
*251 The building was built onto the shed used by Beadles and Frederick and used as shelter for lumber and completed box shooks, as housing for the manufacturing plant with equipment such as cut-off saws, rip-saws, and conveying equipment used in the manufacture of box shooks, and as office space. Beadles and Frederick furnished a majority of the lumber used by Willis Box Company in the box shooks business, on the same credit terms and at the same prices paid by other customers. Some lumber was purchased from other suppliers. The original capital investment in the Willis Box Company was $2,000 made by the deposit, by the three wives, of a check in that amount drawn on the bank account of the C. V. Beadles Lumber Company The check was charged on the books of that company to the withdrawal account of Floy W. Beadles who was a partner therein with her husband, C. V. Beadles. It was agreed by the three wives that in withdrawing the $2,000 from C. V. Beadles Lumber Company and depositing it to the credit of Willis Box Company, Mrs. Beadles was making a loan of $666.67 to Mrs. Willis and a loan of a like amount to Mrs. Frederick. Floy W. Beadles did not secure notes or any other evidence *252 of indebtedness or require the payment of interest from either Mrs. Willis or Mrs. Frederick. Entries in the books of account of the Willis Box Company under date of February 11, 1944, credited the original capital investment of $2,000 as follows: Fannie Lou Willis
$666.67
Harriet Frederick
666.67
Floy W. Beadles
666.66 Such amount of $2,000 was returned to C. V. Beadles Lumber Company by check of the Willis Box Company on or about May 24, 1944, and credited to the withdrawal account of Floy W. Beadles on the books of the C. V. Beadles Lumber Company. On the books of Willis Box Company, the drawing account of Floy W. Beadles was debited in the amount of $666.66, and the drawing accounts of Mrs. Willis and Mrs. Frederick were each debited in the amount of $666.67. The Willis Box Company employed from 20 to 30 people. Among office personnel, one Elmer Horne, employed and paid by the Willis Box Company, performed services for Beadles and Frederick in addition to those performed for the Willis Box Company. One Christine Rounsaville, employed and paid by Beadles and Frederick, also performed services for Willis Box Company. The clerical and office help was allocated *253 between the two companies, inasmuch as the employees worked for both Beadles and Frederick and the Willis Box Company. None of the plant employees of Willis Box Company performed any services for Beadles and Frederick. The books of account of the Willis Box Company showed distributions of earned income for the period here involved as follows: Fiscal
Fiscal
Feb. 11,
Year
Year
1944 to
Ended
Ended
June 30,
June 30,
June 30,
1944
1945
1946
Floy W. Beadles
$666.66
$4,000.00
$13,768.54
Fannie Lou Willis
666.67
4,000.00
13,768.54
Harriet Frederick
666.67
4,000.00
13,768.54 The wives received all of the earnings and profits from the operation of Willis Box Company and kept and used the same for their own purposes. Each of the wives had a net worth separate from her husband's. Previous business experience of Mrs. Willis consisted of serving as a secretary to an attorney at Medill, Oklahoma, for a period of two years. Mrs. Beadles served as deputy chancery clerk at Coffeeville, Mississippi, from 1937 to 1941, her duties consisting of recording trusts, wills and probate matters. Mrs. Frederick had been a school teacher. The three *254 wives as members of the partnership of Willis Box Company rendered minor services, determined the distribution policies and conferred with the manager from time to time. No written agreement in respect of the capital contribution, rendition of personal services, distribution of profits, or any other matter pertaining to the Willis Box Company was executed by the parties in connection therewith. The signature cards at the company's bank disclosed that the following individuals were authorized to sign checks on the account of Willis Box Company: Holmes C. Willis Elmer Horne Christine Rounsaville
The Willis Box Company was a valid bona fide partnership composed of Floy W. Beadles, Fannie Lou Willis and Harriet Frederick, and was formed for a valid business purpose. The petitioners had no interest therein except that petitioners Willis and Beadles at certain times were employed and paid as managers of Willis Box Company. The three wives received all of the distributive income, reported it in their tax returns and paid the income tax thereon. Opinion ARUNDELL, Judge: This case presents a variation of the now familiar family partnership situation. Here there is no question *255 of members of a family purporting to be partners. The petitioners in these proceedings were partners in the lumber business known as Beadles and Frederick before and throughout the period in question. It is the respondent's contention that the related business of manufacturing box shooks under the name of Willis Box Company was merely an extension of the operations of Beadles and Frederick, and that the formation of a partnership among the wives of petitioners as owners of Willis Box Company was nothing more than a subterfuge for the sole purpose of reducing taxes. Respondent has determined, therefore, that the profits of Willis Box Company are taxable to the petitioners rather than to their wives. The problem of the family partnership has been the subject of a great deal of litigation and controversy, culminating in the decision of the Supreme Court in . The controlling test as laid down in that decision is whether "* * * considering all the facts - the agreement, the conduct of the parties in execution of its provisions, their statements, the testimony of disinterested persons, the relationship of the parties, their respective *256 abilities and capital contributions, the actual control of income and the purposes for which it is used, and any other facts throwing light on their true intent - the parties in good faith and acting with a business purpose intended to join together in the present conduct of the enterprise." Applying that test to the facts before us, we have no difficulty in concluding that a valid bona fide partnership was intended and created among the wives of the petitioners. The wives agreed to, and did, enter the box shook business. That fact is not changed by reason of the approval, suggestion, or encouragement of their husbands or their accountant. The original capital was contributed by the wives and the fact that Mrs. Willis and Mrs. Frederick borrowed the cash from Mrs. Beadles has no effect on the issue herein presented. Respondent's assertion that the building and equipment leased to Willis Box Company by Beadles and Frederick should be considered as a contribution of capital by Beadles and Frederick is wholly without merit. He does not even suggest that the rental figure was unreasonable and it is clear that the lease was highly profitable to Beadles and Frederick. The three wives *257 concededly lacked the experience and managerial ability to personally supervise the physical operation of the business. Consequently, they hired Willis and, later, Beadles to manage the business for them. However, "Every owner of a business, particularly those of limited business experience, has the undoubted right to have it managed by another, even though that person be married to the owner." . There is no suggestion that the profits of the operations of Willis Box Company in any way inured to the benefit of the petitioners. On the contrary, the profits were received by the wives and used entirely for their own purposes. The case of , affd. , certiorari denied, , cited by respondent, is clearly distinguishable from the case at bar. That case involved the continuation of an existing operation and the husbands, as managers of the alleged partnership, drew salaries in proportion to their former ownership. In the case now before us a new business is involved and the manager was paid at a flat rate, unrelated to his interest in Beadles *258 and Frederick. After careful consideration of all the evidence and testimony, we are of the opinion that Willis Box Company was a valid and bona fide partnership among the wives of petitioners and the income therefrom was properly attributable to the wives. It follows that the distributive profits of Willis Box Company were not taxable to petitioners and, therefore, respondent was in error in asserting the deficiencies here in question. Decisions will be entered for the petitioners. Footnotes
1. Amounts of the deficiencies are as follows for the respective taxable years set forth above: ↩
1944
1945
1946
Holmes C. Willis
$2,743.97
$2,985.07
$1,675.30
Wallace F.
Frederick
3,798.82
3,112.77
3,303.12
C. V. Beadles
3,201.64
3,217.96
2,615.49